UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| DELTEK, INC., ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:09-cv-330 AJT/JFA |
| IUVO SYSTEMS, INC., et al., ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Deltek, Inc. ("Deltek"), pursuant to Fed. R. Civ. P. 65(a), moves the Court to issue a preliminary injunction against Defendants Iuvo Systems, Inc., Edward Muldrow, Tom Truong, Lynn Varan, and John Doe. Deltek respectfully requests:

(a) An order restraining defendants and their agents, employees, partners, representatives, and attorneys, and all persons in active concert or participation with them, from using the "www.installdeltek.com" and "www.installdeltek.net" websites;

(b) An order requiring defendants and their agents, employees, partners, representatives, and attorneys, and all persons in active concert or participation with them, to change the "www.iuvosystems.com" website to (i) remove the phrases "Deltek Upgrade" "We Provide Deltek Solutions" and "Technology Consultants With Deltek Experience" from the website; and (ii) remove the puzzle pieces associated with the word "Deltek";

(c) An order requiring defendants and their agents, employees, partners, representatives, and attorneys, and all persons in active concert or participation with them, to cease using any Deltek trademarks as metatags for any website associated with defendants' business, specifically

including "Deltek Costpoint" "Deltek Time Collection" "Deltek install" "Deltek Hosting" and "Deltek Consulting";

(d) An order requiring defendants and their agents, employees, partners, representatives, and attorneys, and all persons in active concert or participation with them, to refrain from using any other website(s), metatags(s), and/or phrase(s) that would similarly infringe on Deltek's trademarks as provided above;

(e) An order restraining defendants and their agents, employees, partners, representatives, and attorneys, and all persons in active concert or participation with them, from: (i) promoting, advertising, publicizing, offering for sale, or selling any products or services similar or related to those offered by Deltek under any of the Deltek trademarks, or any other mark, name, symbol, or logo that incorporates or is confusingly similar to any of the Deltek trademarks; (ii) using false designations of origin or engaging in any act or series of acts which, either alone or in combination, constitute unfair methods of competition with Deltek and from otherwise interfering with, or injuring the Deltek trademarks or the goodwill associated therewith; and/or (iii) representing that Iuvo is in any way sponsored by, affiliated with, or endorsed by Deltek;

(f) An order restraining defendants and their agents, employees, partners, representatives, and attorneys, and all persons in active concert or participation with them, from disclosing Deltek's trade secrets or other confidential or proprietary information, and from otherwise using any of Deltek's trade secrets or other confidential information;

(g) An order restraining Muldrow and Truong, for a period of at least two years from the date of the order (as neither has begun to adhere to the terms of their respective confidentiality, nondisclosure, and noncompete agreements with Deltek), from (i) engaging in the business of consulting on Deltek proprietary software in direct competition with Deltek; (ii) directly or

indirectly soliciting any customers of Deltek for the purpose of consulting on Deltek proprietary software in direct competition with Deltek; (iii) using or disclosing confidential or proprietary information of Deltek; and (iv) soliciting Deltek employees.

(h) An order restraining Varan, for a period of twelve months (as Varan never honored the 12-month term of her confidentiality, nondisclosure, and noncompete agreement with Deltek) following the date of the order, from (i) engaging in the business of consulting on Deltek proprietary software in direct competition with Deltek; (ii) directly or indirectly soliciting any customers of Deltek for the purpose of consulting on Deltek proprietary software in direct competition with Deltek; (iii) directly or indirectly soliciting for employment, including recommending to any subsequent employer the solicitation of employment of, any Deltek employee; and (iv) using or disclosing confidential or proprietary information of Deltek;

                        Respectfully Submitted,

                        _____/s/_____
                        Charles B. Wayne (VSB # 24954)
                        Elisha A. King
                        Jamie M. Konn (VSB # 73113)
                        DLA Piper LLP (US)
                        500 Eighth Street NW
                        Washington, D.C. 20004
                        (202) 799-4000
                        (202) 799-5000 [fax]
                        charles.wayne@dlapiper.com
                        elisha.king@dlapiper.com
                        jamie.konn@dlapiper.com

                        *Counsel for Plaintiff Deltek, Inc.*

Dated: March 27, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2009, a true and correct copy of the foregoing Plaintiff's Motion for Preliminary Injunction was served by hand on:

> William F. Krebs
> Michael R. Abejuela
> Bean, Kinney & Korman, P.C.
> 2300 Wilson Boulevard, 7th Floor
> Arlington, Virginia 22201
>
> *Attorney for Iuvo Systems, Inc., Edward Muldrow, and Tom Truong*

And mailed via first-class mail, postage pre-paid to:

> Lynn Varan
> 26258 Ocala Circle
> South Riding, Virginia 20152

                                           /s/
                                       Jamie M. Konn